## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

DR. JEROME CORSI,

       Plaintiff,

v.

ROGER STONE,

       Defendant.

Case No.: 1:19-CV-00324

---

## DEFENDANT ROGER STONE'S MOTION TO DISMISS COMPLAINT

---

L. Peter Farkas
(DDC Bar No. 52944)
HALLORAN FARKAS + KITTILA, LLP
1101 30TH STREET, NW
SUITE 500
WASHINGTON, DC 20007
(202) 559-1700
PF@HFK.LAW

Robert C. Buschel
*Counsel of Record*
*admitted pro hac vice*
(FL Bar No. 0063436)
BUSCHEL GIBBONS , P.A.
ONE FINANCIAL PLAZA – SUITE 1300
100 S.E. THIRD AVENUE
FORT LAUDERDALE, FL 33394
(954) 530-5301
BUSCHEL@BGLAW-PA.COM

*Counsel for Roger Stone*

Defendant Roger Stone respectfully moves that the Court:

1. Dismiss all claims for lack of personal jurisdiction under Rule 12(b)(2);

2. Dismiss all claims for improper venue under Rule 12(b)(3); and

3. Dismiss all claims for failure to state a claim upon which relief can be granted under Rule

    12(b)(6).


Dated: March 6, 2019                          Respectfully submitted,

                                              /s/ Robert Buschel

L. Peter Farkas                               Robert C. Buschel
(DDC Bar No. 52944)                           *Counsel of Record*
HALLORAN FARKAS + KITTILA, LLP                *admitted pro hac vice*
1101 30TH STREET, NW                          (FL Bar No. 0063436)
SUITE 500                                     BUSCHEL GIBBONS , P.A.
WASHINGTON, DC 20007                          ONE FINANCIAL PLAZA – SUITE 1300
(202) 559-1700                                100 S.E. THIRD AVENUE
PF@HFK.LAW                                    FORT LAUDERDALE, FL 33394
                                              (954) 530-5301
                                              BUSCHEL@BGLAW-PA.COM

                          *Counsel for Roger Stone*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DR. JEROME CORSI,

       Plaintiff,

v.

ROGER STONE,

       Defendant.

Case No.: 1:19-CV-00324

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGER STONE'S MOTION TO DISMISS THE COMPLAINT

---

L. Peter Farkas
(DDC Bar No. 52944)
HALLORAN FARKAS + KITTILA, LLP
1101 30TH STREET, NW
SUITE 500
WASHINGTON, DC 20007
(202) 559-1700
pf@hfk.law

Robert C. Buschel
*Counsel of Record*
*admitted pro hac vice*
(FL Bar No. 0063436)
BUSCHEL GIBBONS , P.A.
ONE FINANCIAL PLAZA – SUITE 1300
100 S.E. THIRD AVENUE
FORT LAUDERDALE, FL 33394
(954) 530-5301
BUSCHEL@BGLAW-PA.COM

*Counsel for Roger Stone*

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

Introduction ................................................................................................................... 1

Argument ....................................................................................................................... 2

I. The United States District Court for the District of Columbia Lacks Personal Jurisdiction Over Defendant Stone Pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), the D.C. Long-Arm Statute, and Constitutional Due Process Requirements......................................................................2

    A. Exercising Personal Jurisdiction Would Violate the D.C. Long-Arm Statute.............. 3

    B. Exercising Personal Jurisdiction Would Violate Defendant Stone's Due Process Rights...................................................................................... 5

        1. This Court Does Not Have General Jurisdiction Over Stone ............................... 5

        2. The Court Does Not Have Specific Jurisdiction Over Stone..................................6

II. The United States District Court for the District of Columbia is an Improper Venue for This Lawsuit Pursuant to Federal Rules of Civil Procedure Rule 12(b)(3) ....................................................................................... 8

III. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted (Rule 12(b)(6)) ......................................................................................................... 9

    A. Standard of Review ....................................................................................9

    B. Failure to State a Claim as to Defamation, Defamation Per Se, and Defamation by Implication (Counts I, II, and III)...................................................... 11

    C. Failure to State a Claim for Intentional Infliction of Emotional Distress Count (IV)................................................................................................16

    D. Failure to State a Claim as to Assault (Count V) .........................................17

Conclusion................................................................................................................. 19

Certificate of Service ................................................................................................ 20

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................10, 11, 19

Atl. Marine Constr. Co. v. U.S. Dist. Court,
    134 S. Ct. 568 (2013) ................................................................................... 8, 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................... 10, 11

*Bristol-Myers Squibb Co. v. Superior Court,*
    137 S. Ct. 1773 (2017) ...................................................................................6

Bonner v. S-Fer International, Inc.,
    207 F.Supp.3d 19 (D.D.C. 2016) ..................................................................17

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ...................................................................................7

Clyburn v. New World Commc'ns, Inc.,
    903 F.2d 29 (D.C.Cir. 1990…..........................................................................13

*Cockrum v. Donald J. Trump for President, Inc.,*
    319 F.Supp.3d 158 (D.D.C. 2018) .................................................................. 5

Conley v. Gibson,
    355 U.S. 41 (1957) ...................................................................................10

Crowley v. N. AM. Telecomm. Ass'n,
    691 A.2d 1169 (D.C. 1997) ...........................................................................12

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014) ...................................................................................6

Dingle v. District of Columbia,
    571 F.Supp.2d 87, 98 (D.D.C. 2008) ...........................................................18

Doe v. Bernabei & Wachtel, PLLC,
    116 A.3d 1262 (D.C. 2015) ...........................................................................17

Etherege v. District of Columbia,
    635 A.2d 908 (D.C. 1993) ...........................................................................18

*Fam v. Bank of Am. NA (USA),*
    236 F. Supp. 3d 397 (D.D.C. 2017) ................................................................9

*Ford Transp. Indus., Inc. v. Wilner,*
    760 A.2d 580 (D.C. 2000) .............................................................................12

*Forras v. Rauf,*
    39 F.Supp.3d 45 (D.D.C. 2014) ....................................................................18

*Franklin v. Pepco Holdings, Inc.,*
    875 F.2d 66 (D.D.C. 2012) ......................................................................12, 13

*Gertz v. Robert Welch, Inc.,*
    418 U.S. 323 (1974) .............................................................................12, 13, 14

*\*GTE New Media Services Inc. v. BellSouth Corp.,*
    199 F.3d 1343 (D.C. Cir. 2000) .............................................................2, 3, 5, 7

*Hournai v. Psybersolutions, LLC,*
    164 F.Supp.3d 128 (D.D.C. 2016) ...............................................................4, 6

*Jackson v. District of Columbia,*
    412 A.2d 948 (D.C. 1980) .............................................................................18

*Jankovic v. Int'l Crisis Group,*
    72 F.Supp.3d 284 (D.D.C. 2014) ...................................................................13

*\*Jankovic v. Int'l Crisis Group,*
    822 F.3d 576 (D.C. Cir. 2016) ..................................................................13, 14

*Jerome Stevens Pharm., Inc. v. Food & Drug Admin.,*
    402 F.3d 1249 (D.C. Cir. 2005) ......................................................................9

*Kendrick v. Fox Tele.,*
    659 A.2d 814 (D.C. 1995) .............................................................................12

*Klayman v. Stone,*
    Case No. 19-002672 CACE (2019) .................................................................3

*Kline v. Williams,*
    2006 WL 758459 (D.D.C. 2006) ....................................................................4

*Kowal v. MCI Commc'ns Corp.,*
    16 F.3d 1271 (D.C. Cir. 1994) .......................................................................11

*Lamont v. Haig*,
    590 F.2d 1124 (D.C. Cir. 1978)......................................................................9

*Lohrenz v. Donnelly*,
    350 F.3d 1272 (D.C. Cir. 2003)....................................................................14

*Madden v. D.C. Transit Sys., Inc.*,
    307 A.2d 756 (D.C. 1973)...........................................................................18

*Mallinckrodt Medical, Inc., v. Sonus Pharmaceuticals, Inc.*,
    989 F.Supp. 265 (D.D.C. 1998).....................................................................4

*Marsh v. Hollander*,
    339 F. Supp. 2d 1 (D.D.C. 2004)..................................................................12

*McFarlane v. Esquire Magazine*,
    74 F.3d 1296 (D.C. Cir. 1996).......................................................................4

*Milkovich v. Lorain Journal Co.*,
    491 U.S. 1 (1990) ......................................................................................12

*New York Times, Co. v. Sullivan*,
    376 U.S. 254, 270 (1964)............................................................................14

*Ortberg v. Goldman Sachs Grp.*,
    64 A.3d 158 (D.C. 2013).............................................................................17

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...................................................................................11

*Pena v. A. Anderson Scott Mortg. Group, Inc.*,
    692 F. Supp. 2d 102 (D.D.C. 2010) ............................................................10

*Perlmutter v. Varone*,
    59 F.Supp.3d 107 (D.D.C. 2014) ..................................................................9

*Second Amendment Found. v. U.S. Conference of Mayors*,
    274 F.3d 521 (D.C. Cir. 2001)......................................................................7

*Stovell v. James*,
    810 F.Supp.2d 237 (D.D.C. 2011) ...............................................................12

*Swecker v. Midland Power Coop.*,
    253 F.Supp.3d 274 (D.D.C. 2017)) ...............................................................5

*Tavoulareas v. Piro,*
    817 F.2d 762 (D.C.Cir.1987) ................................................................ 13, 14

*Trudeau v. Federal Trade Com'n,*
    456 F.3d 178 (D.C.Cir. 2006) ....................................................................11

*\*Walden v. Fiore,*
    51 U.S. 277 (2014) ......................................................................................7

*Walbaum v. Fairchild Publications, Inc.,*
    627 F.2d 1287 (D.C. 1980) ........................................................................ 13

*Washington v. Smith,*
    80 F.3d 555 (D.C.Cir. 1996),… ............................................................... 14

*White v. Fraternal Order of Police,*
    909 F.2d 512 (D.C.Cir. 1990) ................................................................... 16

*Williams v. District of Columbia,*
    9 A.3d 484 (D.C. 2010) ............................................................................ 17

*Wood v. Newman*, 979 A.2d 64, 78 (D.C. 2009) ......................................... 17

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980) .............................................................................. 6, 7

*Zhi Chen v. District of Columbia,*
    808 F.Supp.2d 252 (D.D.C. 2011) ............................................................ 18

## STATUTES

28 U.S.C. §1391(b)(2) .......................................................................................9

28 U.S.C. § 1391(b)(3) ......................................................................................9

28 U.S.C. §1406(a) ............................................................................................8

## OTHER AUTHORITIES

Eric Killelea, *Alex Jones' Mis-Inforwars: 7 Bat-Sh\*t Conspiracy Theories,*
    Rolling Stone (Feb. 21, 2017) ................................................................. 16

Dr. Jerome Corsi, *Where's the Birth Certificate? The Case that Barack Obama is not*
    *Eligible to be President* (2016) ................................................................. 1

Jerome Corsi, *North American Union to Replace USA?* (2006) ................................ 1

Jerome R. Corsi, Ph.D., *Hunting Hitler: New Scientific Evidence That Hitler Escaped Nazi Germany* (2014) ........................................................................................... 1

Jerome R. Corsi, Ph.D., *Silent No More: How I Became a Political Prisoner of Mueller's "Witch Hunt"* (2019) ...................................................................... 15

Joe Miller, *Corsi's Dull Hatchet* (2008) .................................................................. 1

Rosalind S. Helderman, Manuel Roig-Franzia, and Carol D. Lenning, *Conservative author and Stone associate Jerome Corsi said he expects to be indicted by special counsel for allegedly lying*, The Washington Post (Nov. 12, 2018) .......................................... 15

Search Results for "Corsi" on Politifact .................................................................. 1

## RULES

D.C. Code Ann. § 13-423… .................................................................................... 5

D.C. Code Ann. § 13-423(a) ................................................................................. 3

D.C. Code Ann. § 13-423(a)(4) .......................................................................... 3, 4

F.R.C.P. Rule 12(b)(2) ...................................................................................... 1, 3

F.R.C.P. Rule 12(b)(3) ...................................................................................... 1, 8

F.R.C.P. Rule 12(b)(6) ...................................................................................... 1,10

# INTRODUCTION

Plaintiff, Jerome Corsi ("Corsi") alleges that Defendant Roger Stone has engaged in defamation, defamation *per se*, defamation by implication, intentional infliction of emotional distress, and assault against him. These allegations do not support even one cause of action. Roger Stone, by trade, is a political pundit and commentator who is well-known for making unconventional and sometimes controversial statements to the media. Likewise, Plaintiff Corsi has based his career on promoting conspiracy theories[1], making outlandish political comments[2], and writing books that are known for their inaccuracies.[3]

Plaintiff fails to provide any legitimate allegations supporting his claim that Mr. Stone attempted to commit "physical violence" against him, an essential element of assault. *See* Complaint ¶ 15. Plaintiff Corsi's allegations are threadbare assumptions of character based on an inaccurate understanding of Mr. Stone's history, personality, and interests. According to Plaintiff Corsi, because Mr. Stone enjoys watching Mafia movies and makes the occasional reference to historical figures, he must be a dangerous man. *See* Complaint ¶ 10. This is absurd. Moreover, Corsi attempts to disparage Mr. Stone's character because he worked for former President Nixon. *Id*. The allegations surrounding Corsi's claim of extreme emotional distress fail to allege the elements of that cause of action. Being a former supporter of a President of the United States and

---

[1] *See* Jerome R. Corsi, Ph.D, <u>Hunting Hitler: New Scientific Evidence That Hitler Escaped Nazi Germany</u>, available at <u>https://www.skyhorsepublishing.com/9781510718647/hunting-hitler/</u>; Dr. Jerome Corsi, <u>Where's the Birth Certificate?: The Case that Barack Obama is not Eligible to be President,</u> 2016, available at <u>https://www.barnesandnoble.com/w/wheres-the-birth-certificate-jerome-r-corsi-phd/1101132037;</u> Jerome Corsi, *North American Union to Replace USA?*, Human Events: Powerful Conservative Voices (May 9, 2006), <u>http://humanevents.com/2006/05/19/north-american-union-to-replace-usa/</u>.

[2] *See*, Search Results for "Corsi," Politicfact, available at <u>https://www.politifact.com/search/?q=corsi</u> – all statements reviewed by politifact have been found to be either 'false' or 'pants on fire' on the politifact truth-o-meter

[3] Joe Miller, *Corsi's Dull Hatchet*, FactCheck.Org, (Sept. 15, 2008), <u>https://www.factcheck.org/2008/09/corsis-dull-hatchet/</u>.

having an interest in the history of the American Mafia does not amount to outrageous conduct that exceeds all bounds of decency in society.

Why are we in the District Court of the District of Columbia? Plaintiff does not even try to allege the jurisdictional elements necessary to demonstrate why Roger Stone could be hauled into Court in this District. He does not live in the District, he does not work in the District, and he did not make the alleged defamatory statements or assault in the District. Corsi does not even live or work in the District. This Court does not have personal jurisdiction over Roger Stone, and Plaintiff and counsel know it.[4] Lastly, not one witness resides in the District, which makes the pleading of proper venue troublesome as well.

## ARGUMENT

### I.     The United States District Court for the District of Columbia Lacks Personal Jurisdiction Over Defendant Stone Pursuant to Federal Rules of Civil Procedure Rule 12(b)(2), the D.C. Long-Arm Statute, and Constitutional Due Process Requirements

This Court may exercise personal jurisdiction over Roger Stone only if the Plaintiff satisfies: *(1)* the D.C. long-arm statute; and, (2) the Due Process Clause. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The Plaintiff must satisfy both. *Id.* Plaintiff satisfies neither. Roger Stone is a non-resident defendant who also is not alleged to have committed any tort in the District.

#### A.  Exercising Personal Jurisdiction Would Violate the D.C. Long-Arm Statute

The D.C. long-arm statute lists a number of grounds for jurisdiction (D.C. Code Ann. § 13-423(a)); but only one is relevant here, Clause (a)(4). Clause (a)(4) grants the Court jurisdiction

---

[4] Plaintiff's counsel in this case filed a defamation case against Stone in the Seventeenth Judicial Circuit in and for Broward County, Florida in Case No. 19-002672 CACE. Roger Stone is domiciled in Broward County, Florida.

over a defendant who causes "tortious injury in the District" *through an act outside* the District if

he "[i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or

[iii] derives substantial revenue from goods used or consumed, or services rendered, in the District

of Columbia." (D.C. Code Ann. § 13-423(a) (emphasis added). Furthermore,

> [a] plaintiff seeking to establish jurisdiction over a non-resident under the foregoing provisions of the long-arm statute must demonstrate, pursuant to section (a)(1), that the plaintiff transacted business in the District, or show, pursuant to section (a)(4), that the [person] caused a tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of the three enumerated contacts with the District.

*GTE New Media Servs.,* 199 F.3d at 1347.

The District Court for the District of Columbia has ruled that "[p]ublishing defamatory

statements within the District that were made outside the District does not meet the terms of" D.C.

Code § 13-423(a)(4). *Hourani v. Psybersolutions LLC,* 164 F.Supp.3d 128, 138 (D.D.C. 2016);

*see also McFarlane v. Esquire Magazine*, 74 F.3d 1296 (D.C. Cir. 1996). "*[W]riting* an article for

publication that is circulated throughout the nation, including the District, hardly constitutes doing

or soliciting business, or engaging in in a persistent conduct, *within* the District" and subsequently

does not satisfy the requirements of § 13-423(a)(4). *McFarlane*, 74 F.3d at 1300 (emphasis in

original). Additionally, in a case where a plaintiff alleged defamation when material was posted

on a website, the Court found that "[e]ven though the information on the website could be viewed

by Internet users everywhere, this fact did not create nationwide personal jurisdiction." *Kline v.*

*Williams*, Civ. No. 05-1102(HHK), 2006 WL 758459, at *1 (D.D.C. Mar. 23, 2006). In reviewing

the *Kline* decision, the *Hourani* Court stated that "[t]he critical fact for the determination of

personal jurisdiction was *where* the tortious injury occurred." 164 F.Supp.3d at 139 (emphasis

added). In *Mallinckrodt Medical, Inc.,* v. *Sonus Pharmaceuticals, Inc.*, a plaintiff filed suit because

of a derogatory statement posted to a message board. In that case, the Court found no personal

jurisdiction "because plaintiff neither worked nor lived in the District, the injury felt in the forum was indistinguishable from that felt anywhere AOL subscribers resided." 989 F.Supp. 265, 273 (D.D.C. 1998). Furthermore, "[e]xercising personal jurisdiction in such cases would in essence create a 'nationwide jurisdiction for defamation action' explicitly banned by prior case law." *Kline*, 2006 WL 758459 at *3, (quoting *Mallinckrodt*, 989 F.Supp. at 272)).

Plaintiff Corsi alleges that Mr. Stone caused tortious injury within "this judicial district, nationwide, and worldwide" (*See* Complaint ¶ 31) and "in this district and on the internet and elsewhere, domestically and for the entire world to see and hear." (*See* Complaint ¶¶ 37, 43). However, Stone's alleged tortious conduct did not happen within the District of Columbia. The alleged statements were made to a website, Infowars, which is located in Austin, Texas from Mr. Stone's home in Fort Lauderdale, Florida. Corsi does not claim that he was in District of Columbia when Mr. Stone made the alleged defamatory remarks; nor does he provide any allegation that amounts to the requirements of minimum contacts, purposeful availment, and fairness as required by personal jurisdiction. (Complaint ¶ 3). Plaintiff's complaint also fails to allege that Mr. Stone regularly does or solicits business in Washington D.C., that he derives substantial revenue from goods used or consumed, or services rendered in D.C., or that he engages in any other persistent course of conduct within the District as required under the District of Columbia's long-arm statute. Similarly to *Hourani*, the alleged tortious conduct occurred outside of the District and the alleged tortious injury also occurred outside of the District and as a result this Court does not have personal jurisdiction over Mr. Stone. Mr. Corsi's claims clearly fail to meet the D.C. Long-Arm Statute, based both on the statutory language of D.C. Code § 13-423 and applicable case law as demonstrated above.

### B. Exercising Personal Jurisdiction Would Violate Defendant Stone's Due Process Rights

Even if the long-arm statute is satisfied, Plaintiff must go one step further and satisfy due process requirements that govern a Court's exercise of jurisdiction over defendants. *See GTE*, 199 F.3d at 1347. "To show that the exercise of jurisdiction would comply with the constitutional requirements of due process, a plaintiff must demonstrate that there are 'minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Cockrum v. Donald J. Trump for President, Inc.,* 319 F.Supp.3d 158, 173 (D.D.C. 2018) (quoting *Swecker v. Midland Power Coop.,* 253 F.Supp.3d 274. 278 (D.D.C. 2017)) (plaintiffs failed to properly allege the District Court of the District of Columbia has personal jurisdiction over Stone). The Due Process Clause authorizes two forms of personal jurisdiction: <u>general and specific</u>. A court with general jurisdiction may hear *any* claim against a defendant, regardless of where the claim arose; a court with specific jurisdiction may only hear claims that arose in the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). This Court has neither general nor specific jurisdiction.

### 1. This Court Does Not Have General Jurisdiction Over Stone

General jurisdiction is no factor. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (citations omitted). "A court may exercise general personal jurisdiction in this district where the defendant is domiciled in or has his principal place of business in the District of Columbia or where defendant's conduct and connection with the forum are such that he should reasonably anticipate being sued here." *Hourani,* 164 F.Supp.3d 128 at137 [paraphrasing *World- Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)]. Furthermore, "[b]are allegations and conclusory statements are insufficient." *Hourani*, 164 F.Supp.3d at 135.

In this case, the Court does not have general personal jurisdiction over Mr. Stone because he is does not live or work in the District, nor has Corsi demonstrated that Mr. Stone has systematic contacts with the District that would allow him to reasonably anticipated being sued in this Court. *See id.* at 137 (the Court found no general personal jurisdiction over the defendants because "they do not live or work in the District of Columbia and there are no allegations that they have systematic contacts with the District such that they should reasonably anticipate being sued here"). Mr. Stone is a resident of the state of Florida; consequently Mr. Stone is domiciled in Florida. Moreover, Florida is the location of his principal place of business and has no discernable ties to D.C. that would satisfy general jurisdiction requirements. This Court, therefore, does not have general jurisdiction over Mr. Stone.

### 2.  The Court Does Not Have Specific Jurisdiction Over Stone

This leaves specific jurisdiction. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 51 U.S. 277, 284-285 (2014) (citations omitted) (internal quotation marks omitted). A court has specific jurisdiction only if (1) the defendant has "purposefully established minimum contacts" with the forum by "purposefully direct[ing]" his activities there and (2) the plaintiff's claims "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Plaintiff must allege specific acts connecting a defendant to the forum. *See Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 525 (D.C. Cir. 2001).

Pursuant to the "minimum contacts" standard, "courts must insure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there.'" *GTE,* 199 F.3d at 1347 quoting *World-Wide Volkswagen Corp. v.*

*Woodson*, 44 U.S. at 297. A "defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.*, (quoting *Burger King*, 471 U.S. at 475)).

Mr. Stone does not have minimum contacts with the District of Columbia because he has not purposefully availed him of the protections and benefits of the District, nor was it foreseeable that Mr. Stone's alleged conduct would have resulted in him being sued in the District. Corsi is attempting to pervert the protections of the minimum contacts standard by alleging highly attenuated potential contact with the forum state. Mr. Corsi's attempt to sue Mr. Stone in the District of Columbia is clearly anathema to the principals of personal jurisdiction and he has clearly failed to establish that the Court has any form of personal jurisdiction over Mr. Stone.

Furthermore, Plaintiff attempts to hold Mr. Stone accountable for the potential conduct or statements made by so-called and unnamed "surrogates." Complaint ¶ 13. This is clearly a feeble and erroneous attempt to haul Mr. Stone to court in this District without sufficient contacts. Corsi fails to point to a legitimate and actual instance of Mr. Stone either using or employing surrogates to act on his behalf, he merely mentions individuals with whom Mr. Stone has interacted and worked with in the past. Complaint ¶ 13. Moreover, Corsi fails to demonstrate that these mysterious "surrogates" have any ties or contacts with this District.

**II.     The United States District Court for the District of Columbia is an Improper Venue for This Lawsuit Pursuant to Federal Rules of Civil Procedure Rule 12(b)(3)**

Rule 12(b)(3) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a case for "improper venue." Similarly, the federal venue statute, 28 U.S.C. § 1406(a), requires that a district court "dismiss, or if it be in the interest of justice, transfer" a case, which is filed "in the wrong division or district." 28 U.S.C. § 1406(a). Together, "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper'... in the forum in which [the case] was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Court,* 134 S. Ct. 568, 573 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, " *Id.*at 578. *See also Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017).

The moving party objecting to the venue must provide sufficient specificity to advise Plaintiff of the defect. *Id.* Once Plaintiff is on notice of the defect, the burden shifts to him to establish that venue is proper. *Id.* (citations omitted). When assessing the motion for improper venue, the court should accept Plaintiff's well-pled factual allegations regarding venue. *Id.* (citations omitted). On the other hand, the Court should not accept Plaintiff's legal conclusions as true and may consider material outside the pleadings. *Id.* at 406 (citing *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.,* 402 F.3d 1249, 1253 (D.C. Cir. 2005)) (other citations omitted).

Under 28 U.S.C. § 1391(b)(3), venue is proper "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "The 'substantial part' requires the plaintiff to "show that a considerable portion of the

8

events took place in their chosen forum." *Perlmutter v. Varone*, 59 F.Supp.3d 107,110 (D.D.C. 2014). Furthermore, "[i]n determining whether the 'substantial part' requirement is met, courts should undertake a 'commonsense appraisal' of the 'events having operative significant in the case.'" *Id.* at 111, (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 & n. 62 (D.C. Cir. 1978)).

Plaintiff claims that venue is proper under 28 U.S.C. §§ 1391(b)(2), (3) because "a substantial part of the events or omissions giving rise to Plaintiff Corsi's claims arose herein." (Complaint ¶ 2). This is fundamentally incorrect. None of the alleged conduct occurred in Washington D.C., plain and simple. There is nothing contained in Corsi's allegations that even remotely connect Mr. Stone's alleged conduct to the events giving rise to this Complaint.

As this Court lacks personal jurisdiction over Mr. Stone in this matter, Corsi's claims that venue is proper are wrong. The only appropriate venue for this claim would be the Southern District of Florida, which is the district in which Mr. Stone resides. However, this motion should be dismissed for additional reasons and not just due to improper venue.

### III.   Plaintiff Fails to State A Claim Upon Which Relief Can Be Granted (Rule 12(b)(6))

#### A.  Standard of Review

Until the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, pursuant to *Twombly*, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Pena v. A. Anderson Scott Mortg. Group, Inc.,* 692 F. Supp. 2d 102, 106 (D.D.C. 2010). Second, the court must determine whether the well-pled factual allegations, if assumed to be true, "plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 662. When the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Id.* at 663.

A complaint must be dismissed if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The court is not "'bound to accept as true a legal conclusion couched as a factual allegation,' or to 'accept inferences drawn by plaintiff if such interferences are unsupported by the facts set out in the complaint.'" *Trudeau v. Federal Trade Com'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Applying the *Iqbal* standard in this case, it is abundantly clear that the Plaintiff's allegations of defamation, defamation *per se*, defamation by implication, and intentional infliction of emotional distress fall short in crossing the line from "conceivable" to the "plausible" as Corsi

alleges unfounded and conclusory claims unsupported by facts. Indeed, Corsi's Complaint is riddled with outlandish and groundless accusations against Mr. Stone. One of the most implausible claims against Mr. Stone is that his alleged conduct is purposefully and strategically orchestrated to give Plaintiff "heart attacks and strokes." Complaint ¶ 10. This outrageous claim has not been supported by any plausible allegations made in Plaintiff's Complaint, nor has Plaintiff described a single instance that would lend support to this claim. As discussed below, the allegations are implausible because they do not provide any legitimate basis of the claims asserted, they rely on an assumption of guilt based on an on-going criminal prosecution, and misconstrue statements made about non-party individuals as the basis of threats made to Corsi.

## B.   Failure to State a Claim as to Defamation, Defamation Per Se, and Defamation by Implication (Counts I, II, and III)

To state a claim for defamation under District of Columbia law, a Plaintiff must allege sufficient facts showing:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounts to at least negligence; and (4) either that the statement is actionable as a matter of law irrespective of special harm, or that its publication caused the plaintiff special harm.

*Marsh v. Hollander*, 339 F. Supp. 2d 1, 5 (D.D.C. 2004) (quoting *Crowley v. N. AM. Telecomm. Ass'n*, 691 A.2d 1169, 1172 n.2 (D.C. 1997)).

"[I]n a defamation case the plaintiff has the burden of proving that the challenged statements are both false and defamatory." *Kendrick v. Fox Tele.,* 659 A.2d 814, 819 (D.C. 1995). Additionally, a plaintiff asserting a defamation claim "must specifically 'plead the time, place, content, speaker, and listener of the alleged defamatory matter.'" *Franklin v. Pepco Holdings, Inc.,* 875 F.2d 66, 75 (D.D.C. 2012), (quoting *Stovell v. James*, 810 F.Supp.2d 237, 248 (D.D.C. 2011)). The Supreme Court has noted "'imaginative expression' and 'rhetorical hyperbole' are not actionable in defamation because 'they cannot reasonably be interpreted as stating actual facts about  an

individual.'" *Ford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 596-7 (D.C. 2000), (quoting

*Milkovich v. Lorain Journal Co.*, 491 U.S. 1, 2 (1990)).

Defamation is not a one-size-fits-all claim. There are different standards used to view

defamatory statements depending on whether the individual alleging defamation is a full public

figure, a limited public figure, or a private individual. [5] As discussed below and based on the

language used by Plaintiff Corsi himself, it appears that Corsi views himself as a limited public

figure. (*See* Complaint ¶ 3). The District of Columbia Circuit has formulated a three-pong test to

determine whether an individual is a limited-purpose public figure:

> First, the Court must determine whether a public controversy existed. This assessment
> requires the Court to determine whether there was a dispute that in fact had received public
> attention because its ramifications would be felt by persons who were not direct
> participants. Second, the Court must analyze the plaintiff's role in the controversy. Trivial
> or tangential participation is not enough…to be considered a limited-purpose public figure,
> a plaintiff must have achieved special prominence in the debate. To satisfy the special
> prominence requirement, the plaintiff either must have been purposely trying to influence
> the outcome or could realistically have been expected, because of his position in the
> controversy, to have an impact on its resolution. Finally, the Court must assess whether the
> alleged defamation was germane to the plaintiff's participation in the controversy.

*Jankovic v. Int'l Crisis Group*, 72 F.Supp.3d 284, 301 (D.D.C. 2014) [internal citations omitted].

In assessing the first prong, a public controversy exists when "the issue was being debated publicly

and if it had foreseeable and substantial ramifications for nonparticipants, it was a public

controversy." *Walbaum v. Fairchild Publications, Inc.,* 627 F.2d 1287, 1297 (D.C. 1980). A

plaintiff meets the second prong of the limited-public figure test when he "use[s] the public

---

[5] "There are two types of public figures: (1) general public figures who maintain such status for all purposes and (2) limited-purpose public figures "'(who) voluntarily inject[ ] [themselves] or [are] drawn into a particular public controversy and therefore become[ ] ... public figure[s] for a limited range of issues." ' *Id.* at 1292 (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351, 94 S. Ct. 2997, 41 L.Ed.2d 789 (1974)). "A person becomes a general purpose public figure only if he or she is 'a well-known celebrity,' his name a 'household word.'" *Tavoulareas v. Piro,* 817 F.2d 762, 772 (D.C.Cir.1987) (en banc) (citation omitted). "Few people," however, "attain the general notoriety that would make them public figures for all purposes." *Waldbaum,* 627 F.2d at 1296. Much more common are "public figures for the more limited purpose of certain issues or situations." *Tavoulareas,* 817 F.2d at 772. *Jankovic v. Int'l Crisis Group,* 72 F. Supp. 3d 284, 300 (D.D.C. 2014), *aff'd,* 822 F.3d 576 (D.C. Cir. 2016).

controversy to do more than provide a 'short-simple statement of his view of the story,' and instead '[draws] attention to himself' and use[s] 'his position in the controversy as a fulcrum to create public discussion.'" *Jankovic,* 72 F.Supp.3d at 271, quoting *Clyburn v. New World Commc'ns, Inc.,* 903 F.2d 29, 32 (D.C.Cir. 1990). As to the final prong, "'[m]isstaments wholly unrelated to the controversy' are not protected, but statements, including those highlighting a plaintiff's talents, education, experience, and motives,' can be germane." *Id.* at 272, quoting *Walbaum.,* 627 F.2d at 1298. The cornerstone of this inquiry is "whether an individual has assumed [a] role [] of especial prominence in the affairs of society…[that] invite[s] attention and comment." *Lohrenz v. Donnelly,* 350 F.3d 1272, 1279 (D.C. Cir. 2003) (quoting *Tavoulareas v. Piro,* 817 F.2d 762, 773 (D.C. Cir. 1987)). Private individuals become limited-purpose public figures when they have "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 345 (1974).

> The Court set the dividing line between public and private figures based on those who assumed the risk of publicity and had access to channels of communication to defend themselves, and those who did not. Indeed, *the communications media are entitled to act on the assumption that public officials and public figures have voluntarily exposed themselves to increased risk of injury from defamatory falsehood concerning them* whereas a private individual has relinquished no part of his interest in the protection of his own good name, and consequently he has a more compelling call on the courts for redress of injury inflicted by defamatory falsehood.

*Jankovic v, Int'l Crisis Group,* 822 F.3d 576, 584-585 (D.C. 2016) (internal citations and quotations omitted) (emphasis added).

The First Amendment requires that there be a high bar for public figures to prevail on a defamation claim. *See New York Times, Co. v. Sullivan*, 376 U.S. 254, 270 (1964). "A statement of opinion is actionable only if it has an explicit or implicit factual foundation and is therefore 'objectively verifiable.'" *Washington v. Smith*, 80 F.3d 555, 556 (D.C.Cir. 1996), quoting *Milkovich,* 497 U.S. at 22.

The statements made by Mr. Stone do not amount to defamation primarily because Mr. Corsi is a limited-public figure. The public controversy in this case involves the Office of Special Counsel, Robert Mueller's investigation into possible Russian interference in the 2016 Presidential election. This investigation is wide-ranging and has ramifications far beyond just the individuals being investigated, but also for the nation as a whole. All of the alleged claims of Corsi's Complaint center around the larger public controversy surrounding Mueller's Russia investigation. As to the second prong, Corsi has made multiple public statements regarding his and Mr. Stone's involvement in the Mueller investigation, statements that are not a 'short-simple statement of his view of the story,' in fact, he has written a book publicly discussing his involvement in Mueller's investigation, including Corsi's involvement as it relates to Mr. Stone.[6] The alleged defamatory statements are germane to the Plaintiff's involvement in this public controversy. These purported defamatory statements made by Mr. Stone were made in response to Plaintiff Corsi's continuing commentary about his and Mr. Stone's involvement in Mueller's investigation, commentary by Corsi which is disputed by Mr. Stone as false. As a result, Corsi has satisfied the limited-public figure test and consequently, Mr. Stone's comments to not amount to defamation.

Corsi claims that statements made by Stone reach the level of defamation of character. However, this is categorically false. One of Corsi's biggest complaints is that Mr. Stone made "malicious, false, misleading, and defamatory statements" about Corsi, in particular that Corsi had committed perjury. *See* Complaint ¶¶ 18, 20, 23, 25, 27, 29, 39, and 45. There is nothing false or misleading about Mr. Stone stating that Corsi committed perjury – Corsi himself told reporters on November 12, 2018 that the Office of the Special Counsel was planning to indict him for

---

[6] Jerome R. Corsi, Ph.D., <u>Silent No More: How I Became a Political Prisoner of Mueller's "Witch Hunt,"</u> (2019), available at <u>https://www.simonandschuster.com/books/Silent-No-More/Jerome-R-Corsi/9781642932171</u>.

committing perjury.[7] He went so far as to release the statement of facts to his plea agreement. (Exhibit – 1) (publicly available drafts of plea and facts). There is no merit to Corsi's argument that these statements have "severely harmed and damaged" Corsi by subjecting him to "hatred, distrust, ridicule, contempt, and disgrace." *See* Complaint ¶ 32. Mr. Stone was merely repeating what Corsi himself published to the world.

Corsi also attempts to rely on statements Mr. Stone made during several interviews with the website InfoWars, which is well known to be a hub of exceedingly controversial opinions and theories.[8] InfoWars is essentially built on the 'shock factor' and the attention it receives for having outspoken and controversial figures talk about any number of issues. Mr. Stone has created a career on rocking the boat, but this does not amount to defamation. There is nothing contained in Mr. Corsi's allegations that demonstrate that any of the allegedly defamatory statements were made with malice and with the knowledge that they were false and misleading. Mr. Stone is an individual who is well known to speak his mind and share his personal views and opinions based on his personal knowledge and beliefs. This is not defamation.

Furthermore, Plaintiff attempts to attribute statements made by third parties to Mr. Stone in an attempt to bolster his lackluster allegations of defamation. Plaintiff Corsi fails to provide a single instance of Mr. Stone employing and directing these alleged "surrogates" to make defamatory statements about Plaintiff in his complaint. *See* Complaint ¶ 13.

In the District of Columbia, a statement is deemed defamatory *per se* "if it is so likely to cause degrading injury to the subject's reputation that proof of harm is not required to recover

---

[7] Rosalind S. Helderman, Manuel Roig-Franzia, and Carol D. Lenning, *Conservative author and Stone associate Jerome Corsi said he expects to be indicted by special counsel for allegedly lying*, The Washington Post (Nov. 12, 2018), https://www.washingtonpost.com/politics/conservative-author-and-stone-associate-jerome-corsi-said-special-prosecutors-plan-to-indict-him-for-allegedly-lying/2018/11/12/773e6722-e6c7-11e8-a939-9469f1166f9d_story.html?noredirect=on&utm_term=.395c908f58a1.

[8] Eric Killelea, *Alex Jones' Mis-Inforwars: 7 Bat-Sh\*t Conspiracy Theories*, Rolling Stone (Feb. 21, 2017).

compensation." *Franklin,* 875 F.Supp.2d at 75. "A defamation by implication…is not treated any differently than a direct defamation once the publication has been found capable of a defamatory meaning. A defendant may escape liability if the defamatory meaning is established as true or as constitutionally protected expression." *White v. Fraternal Order of Police*, 909 F.2d 512, 523 (D.C. Cir. 1990). As stated above, because Corsi is a limited-public figure, statements regarding his talents, education, experience, and motive are essentially fair game, and are the areas that Mr. Stone's comments relate to.

### C.  Failure to State a Claim for Intentional Infliction of Emotional Distress (Count IV)

As to intentional infliction of emotional distress, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff [to suffer] severe emotional distress." *Doe v. Bernabei & Wachtel, PLLC*, 116 A.3d 1262, 1269 (D.C. 2015) (citing *Ortberg v. Goldman Sachs Grp.,* 64 A.3d 158, 163 (D.C. 2013)) (brackets in original). *See id.* "To survive a motion to dismiss," a plaintiff must allege conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Williams v. District of Columbia,* 9 A.3d 484, 494 (D.C. 2010)).

> The standard for "extreme and outrageous conduct" is exceptionally demanding. Conduct is considered 'extreme and outrageous' when it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. **[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are not sufficient.**

*Bonner v. S-Fer International, Inc.,* 207 F.Supp.3d 19, 25 (D.D.C. 2016) (internal citations omitted) (emphasis added).

In *Wood v. Newman*, the D.C. Court of Appeals found that the defendant's conduct was not sufficiently severe as to rise to the level necessary for a finding of intentional infliction of emotional distress. The plaintiff described that the defendant's actions left her "horrified,"

"shaken," "embarrassed," "constantly crying," and "almost sleepless," yet this did not amount severe distress as required by the tort. *Wood v. Newman*, 979 A.2d 64, 78 (D.C. 2009).

Plaintiff fails to sufficiently plead Mr. Stone's conduct was so extreme or outrageous as to go beyond the bounds of decency in a civilized society. Corsi does not provide any context that would allow anyone to find Mr. Stone's conduct to rise to the level of conduct so extreme and outrageous as to be beyond the bounds of all decency, let alone a heart attack or stroke. *See* Complaint ¶¶ 48-51. Indeed, Corsi does not mention any specific threat made by Mr. Stone towards him; he relies on an invalid and overly tenuous connection to an apparent threat made by Stone towards a non-party individual who is not involved in this matter whatsoever. *See* Complaint ¶¶ 48-51. His allegations are mere recitations of the elements of the tort of intentional infliction of emotional distress and do not meet the plausibility standard required for his Complaint to survive this Motion to Dismiss.

### D.  Failure to State a Claim as to Assault (Count V)

In the District of Columbia, "[c]laims for assault must involve 'an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim.'" *Dingle v. District of Columbia*, 571 F.Supp.2d 87, 98 (D.D.C. 2008) quoting *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993). "An actor will not be held liable for assault for negligent or reckless behavior lacking the requisite intent to commit an assault." *Forras v. Rauf*, 39 F.Supp.3d 45, 56 (D.D.C. 2014), *aff'd on other grounds,* 812 F.3d 1102 (D.C. Cir. 2016), *see also Jackson v. District of Columbia*, 412 A.2d 948, 955 n. 15 (D.C. 1980). "Also, 'an essential element of ... assault is ... intentional[ly] putting another in apprehension' and absent such an allegation a complaint is 'clearly deficient.' *Id.* (quoting *Madden v. D.C. Transit Sys., Inc.,* 307 A.2d 756, 757 (D.C. 1973).

In *Zhi Chen v. District of Columbia*, 808 F.Supp.2d. 252, 258-9 (D.D.C. 2011), the Court dismissed the plaintiff's assault claim because she failed "to point to any record evidence indicating that Officer Ha ever attempted or threated to harm Ms. Chen physically. Ms. Chen's failure to identify such evidence is fatal to her assault claim."

Here, Plaintiff Corsi's allegation of assault merely contains "threadbare recitals of the elements" of assault and is only supported by "mere conclusory statements" (*Iqbal*, 556 U.S. at 663) and as a result does not meet the plausibility standard required. Corsi has not alleged any specific attempts made by Mr. Stone to intentionally attempt to or actually to threaten him with physical violence that would cause Corsi to be in a state of reasonable apprehension of harm. Indeed, his statements are clearly conclusory; his allegation of assault, besides reciting the elements, only states that Mr. Stone has been "coercing and threatening Plaintiff Corsi" (Complaint ¶ 53) by claiming that Mr. Stone's statements, "I look forward to our confrontation. I will demolish you" are capable of being viewed as a threat directed towards Mr. Corsi and that these words must be construed as such because a separate and unrelated criminal complaint has been filed against him. (Complaint ¶ 28). Mr. Stone has not been found guilty of those criminal charges and Corsi's use of on-going investigations against Mr. Stone is clearly conclusory as the allegations have not been proven against him.

Mr. Corsi lives in New Jersey and Mr. Stone lives in Florida; they are located thousands of miles from each other, and there is no concrete factual allegation that Mr. Stone has come anywhere near Corsi's person that would reasonably cause him apprehension of physical harm, nor is there any statement by Mr. Stone directed at Corsi that would indicate an intention to cause him harm. This is not an allegation that includes "well-pled factual allegations" that would "plausibly give rise to an entitled to relief" *Iqbal*, 556 U.S. at 662; it is the exact opposite.

18

## **CONCLUSION**

The Court should dismiss the complaint for lack of personal jurisdiction and improper venue. Alternatively, it should dismiss the complaint for failure to state a claim.

Dated: March 6, 2019                                      Respectfully submitted,

                                                                       /s/ Robert Buschel

L. Peter Farkas                                              Robert C. Buschel
(DDC Bar No. 52944)                               *Counsel of Record*
HALLORAN FARKAS + KITTILA, LLP          *admitted pro hac vice*
1101 30TH STREET, NW                          (FL Bar No. 0063436)
SUITE 500                                               BUSCHEL GIBBONS , P.A.
WASHINGTON, DC 20007                      ONE FINANCIAL PLAZA – SUITE 1300
(202) 559-1700                                      100 S.E. THIRD AVENUE
PF@HFK.LAW                                          FORT LAUDERDALE, FL 33394
                                                             (954) 530-5301
                                                             BUSCHEL@BGLAW-PA.COM

                        *Counsel for Roger Stone*

**CERTIFICATE OF SERVICE**

I certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

/s/ Robert Buschel
Robert C. Buschel
*Counsel for Roger Stone*