## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. JEROME CORSI,

         *Plaintiff*,

v.

ROGER J. STONE, JR.,

         *Defendant*.

Case No.: 1:19-CV-00324

---

### DEFENDANT ROGER STONE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

L. Peter Farkas
(DDC Bar No. 52944)
HALLORAN FARKAS + KITTILA LLP
1101 30TH STREET, NW
SUITE 500
WASHINGTON, DC 20007
(202) 559-1700
PF@HFK.LAW

Robert C. Buschel
*Counsel of Record*
*admitted pro hac vice*
(FL Bar No. 0063436)
BUSCHEL GIBBONS , P.A.
ONE FINANCIAL PLAZA – SUITE 1300
100 S.E. THIRD AVENUE
FORT LAUDERDALE, FL 33394
(954) 530-5301
BUSCHEL@BGLAW-PA.COM

*Counsel for Roger Stone*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................1

REPLY ARGUMENT ...............................................................................................................2

I.  The United States District Court for the District of Columbia Lacks
    Personal Jurisdiction over Defendant Stone Under Federal Rule of Civil
    Procedure 12(b)(2), the D.C. Long-Arm Statute, and Constitutional Due
    Process Requirements ......................................................................................................2

    A.  The D.C. Long-Arm Statute Has Not Been Satisfied ....................................................3

    B.  Due Process Requirements Have Not Been Satisfied....................................................6

        1.  This Court Does Not Have General Jurisdiction over Stone................................8

        2.  This Court Does Not Have Specific Jurisdiction over Stone ...............................9

II. The United States District Court for the District of Columbia Is An
    Improper Venue for this Lawsuit Pursuant to Federal Rule of Civil
    Procedure 12(b)(3) ..........................................................................................................9

III. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted
     Pursuant to Federal Rule of Civil Procedure 12(b)(6) .....................................................10

    A.  Failure to State a Claim as to Defamation, Defamation *Per Se*, and
        Defamation by Implication (Counts I, II, and III) ......................................................10

    B.  Failure to State a Claim for Intentional Infliction of Emotional
        Distress (Count IV) ................................................................................................12

    C.  Failure to State a Claim as to Assault (Count V).......................................................13

CONCLUSION......................................................................................................................14

CERTIFICATE OF SERVICE……………………………………………………………....15

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alkanai v. Aegis Defense Services, LLC,*
        286 F.R.D. 67 (D.D.C. 2012)……………...………………………………………………7

*\*Burger King v. Rudzewicz,*
        471 U.S. 462 (1985)……………………………………………………………………9

*Cable News Network v. GOSMS.COM, Inc.,*
        2000 WL 1678039 (S.D.N.Y. 2000)…………………………………………………8

*\*Cockrum v. Donald J. Trump for President, Inc.,*
        319 F.Supp.3d 158 (D.D.C. 2018)……………………………………………...………2, 6

*\*Daimler AG v. Bauman,*
        134 S.Ct. 746 (2014)…………………………………………………………………8

*De Sousa v. Embassy of Republic of Angola*,
        267 F.Supp.3d 136 (D.D.C. 2017)……………………………………………...12, 13

*Evans-Reid v. District of Columbia*,
        930 A.2d 930 (D.C. 2007)……………………………………………………………14

*First Chicago Intern v. United Exchange, Co., Ltd.,*
        836 F.2d 1375 (D.C. Cir. 1988)………………………………………………...…5

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
        564 U.S. 915 (2011)……………………………………………………………7, 8

*GTE New Media Services, Inc., v. BellSouth Corp.,*
        199 F.3d 1343 (D.C. Cir. 2000)…………………………………………………...7

*Homan v. Goyal*,
        711 A.2d 812 (D.C. 1998)…………………………………………………………12

*Household Credit Servs., Inc. v. Driscol*
        989 S.W.2d 72 (Tex. App. El Paso 1998)…………………………………………12

*\*Judicial Watch, Inc., v. U.S. Dept. of Commerce*,
        224 F.R.D. 261 (D.D.C. 2004)…………………………………………………2

*Keeton v. Hustler, Inc.,*
        465 U.S. 770 (1984)……………………………………………………………7

*King v. Kidd*,
   640 A.2d 656 (D.C. 1993)…………………………………………………………………12

*Kline v. Williams*,
   2006 WL 758459 (D.D.C. 2006)…………………………………………..………….7, 8, 10

*Mallinckrodt Medical, Inc. v. Sonus Pharm., Inc.*,
   989 F.Supp. 265 (D.D.C. 1989)……………………………………………………………..7

*Masson v. New Yorker Magazine, Inc.*,
   501 U.S. 496 (1991)………………………………………………………………………..12

*Second Amendment Found. v. U.S. Conference of Mayors*,
   274 F.3d 521 (D.C. Cir. 2001)……………………………………………………………….9

*Swecker v. Midland Power Coop.*,
   253 F.Supp.3d 274 (D.D.C. 2017)…………………………………………………………...6

*United States v. Roger J. Stone*,
   No. 1:19-cr-00018-ABJ………………………………………………………………………...5

*Walden v. Fiore*,
   571 U.S. 277 (2014)………………………………………………………………………9

*Xie v. Sklover & Company, LLC*,
   260 F.Supp.3d 30 (D.D.C. 2017)…………………………………………………………….8

*Young v. District of Columbia*,
   322 F.Supp.3d 26 (D.D.C. 2018)…………………………………………...………………14

**STATUTES**

28 U.S.C. § 1391(b)(2)………………………………………………………………..10

**OTHER AUTHORITIES**

Restatement (Second) of Torts §§ 21, 22…………………………………………………13

Roger Stone, *Mr. Roger Stone's 13th Annual International Best and Worst Dressed List*,
   The Daily Caller (Jan. 1, 2019)…………………………………………………………5

*Target in Mueller prob says he was 'bullied' by the special counsel's team*,
   Fox News (March 24, 2019)………………………………………………………………..11

**RULES**

D.C. Code § 13-422………………………………………………………………………….8

D.C. Code § 13-423………………………………………………………………………….6

D.C. Code § 13-423(a)(1)...……………………………………………………………….2

D.C. Code § 13-423(a)(3)...……………………………………………………………….3

D.C. Code § 13-423(a)(4)...……………………………………………………………….3

Fed. R. Civ. P. Rule 12(b)(2)……...…………………………………………………….2

Fed. R. Civ. P. Rule 12(b)(3)…………..……………………………………………….9

Fed. R. Civ. P. Rule 12(b)(6)…………………………………………………….…..10

Fed. R. Civ. P. Rule 12(f)……………………………….……………………...….3

Fed. R. Civ. P. Rule 56...……………………………………………………………….3

Defendant Roger Stone respectfully submits this reply in further support of his Motion to Dismiss Complaint (the "Motion to Dismiss" or "Mot.") (Dkt. # 10) and in opposition to Plaintiff Dr. Jerome Corsi's Opposition to Defendant Roger Stone's Motion to Dismiss ("Opp.") (Dkt. # 12). For the reasons stated herein as well as in Stone's Motion, Corsi's Complaint (Dkt. # 1) must be dismissed.

## PRELIMINARY STATEMENT

According to Plaintiff Corsi's view, Roger Stone is out to ruin his life and this lawsuit is an expression of that view. As Corsi not-so-subtly and constantly reminds the Court, Stone is facing criminal charges leveled against him by the Office of the Special Counsel. As of March 22, 2019, the day the Attorney General disclosed that there would be no further indictments from the Special Counsel, Plaintiff thought he would be indicted too. Stone has been forbidden from contacting any potential witness or even from speaking about the case publicly. Stone has not done "everything he can to smear, discredit, and threaten Corsi" (*Opp. 1*), nor has he waged a public campaign against Corsi as a means to "improperly influence and corrupt Mueller's investigation and now prosecution." (*Id.*). These allegations are completely without merit. None of the alleged defamatory statements were made after Stone was indicted; therefore, he could not have read Mueller's mind and have attempted to influence the prosecution. Moreover, any alleged statements made by Stone about Plaintiff would not influence Mueller or any of the investigators involved in Stone's pending criminal case.

Plaintiff's assertion that this Court has jurisdiction over Stone simply because decades earlier he worked and lived in Washington, D.C. is meritless. Stone has resided in the State of Florida for ***seventeen years***, since he moved there in 2002 after he ended his involvement with

his former company in 1991, ***twenty-eight years ago***. Indeed, Plaintiff put Stone's Florida address in the caption of the Complaint.

Roger Stone is not a lobbyist and any consulting work he does is based out of Florida. Additionally, it is well known that the headquarters for Donald J. Trump for President for the 2016 election was based in New York, New York, and was domiciled in Virginia, ***not*** in Washington, D.C. as mistakenly stated by Plaintiff in his Opposition on page 2. *See Cockrum v. Donald J. Trump for President, Inc.*, 319 F.Supp.3d 158, 174 (D.D.C. 2018) ("The Court lacks general jurisdiction over the Trump Campaign, which is incorporated in Virginia and has its principal place of business in New York.").

Moreover, Corsi cannot sufficiently allege a common law tort because he and Stone were never face to face. Therefore, Corsi cannot be a victim of an assault.  Additionally, Stone— without any "outrageous conduct"—cannot cause emotional distress that could lead to the alleged injuries complained of in this lawsuit. Thus, the lawsuit should be dismissed not only on jurisdictional grounds, but also for failure to state a claim.

## **REPLY ARGUMENT**

I.    **The United States District Court for the District of Columbia Lacks Personal Jurisdiction over Defendant Stone Under Federal Rule of Civil Procedure 12(b)(2), the D.C. Long-Arm Statute, and Constitutional Due Process Requirements.**

To establish personal jurisdiction, the Plaintiff must satisfy both the D.C. Long-Arm Statute (D.C. Code § 13-423) and the Due Process Clause. Corsi has failed to meet this relatively low burden. Every alleged factual basis Corsi relies on in his Complaint and Opposition are simply conclusory statements or bare allegations. As counsel for Corsi is aware, affidavits or declarations can be stricken if not based upon personal knowledge or if they rely on scandalous and impertinent allegations. *See Judicial Watch, Inc., v. U.S. Dept. of Commerce*, 224 F.R.D. 261, 265 (D.D.C. 2004) (affidavits not based on personal knowledge stricken).  Corsi lacks

personal knowledge of what he alleges in his declaration; he does not have personal knowledge of Stone's ties to the District of Columbia, of Stone's business activities including where it operates and where it derives its revenue, nor does he have personal knowledge of the scope and duration of Stone's career as a lobbyist.  *See* Decl. ¶¶ 2-6 (Dkt. # 12-1).  Furthermore, the statements contained in paragraphs 7 to 10 of Corsi's declaration fail as a matter of simple internal logic. *See id.* ¶¶ 7-19.  For these reasons, the Court should strike the unsubstantiated assertions pursuant to Rules 12(f) and 56(e) of the Federal Rules of Civil Procedure.

### A.  The D.C. Long-Arm Statute Has Not Been Satisfied.

Plaintiff Corsi's allegations that the D.C. Long-Arm Statute is satisfied under D.C. Code §§ 13-423(a)(1) and 13-423(a)(4) are incorrect.  First and foremost, Stone does not transact business in this District.  In fact, D.C. Code § 13-423(a)(1) does not even cover tort cases.  Two of the D.C. Long-Arm Statute's section do apply to torts, §§ 13-423(a)(3) and (a)(4). Consequently, it is improper for Plaintiff to attempt to go around the requirements of the torts-related sections by incorrectly invoking the "transacting business clause." Secondly, he does not regularly conduct "or solicit business" in the District, "engage in any other persistent course or conduct" in the District, nor does he "derive a substantial revenue from goods used or consumed, or services rendered" in this District as required by D.C. Code § 13-423(a)(4).

Stone was never an employee of the Donald J. Trump for President campaign. He worked as an independent consultant for a relatively short period of time.  And as previously noted, Trump's campaign headquarters was located in New York, New York and domiciled in Virginia, not in Washington, D.C.; therefore, there is no correlation between Stone's work on the campaign and the forum jurisdiction. Critically, working on a presidential campaign does not equate to soliciting or transacting business in Washington, D.C., nor does it equate to Stone

deriving a substantial amount of revenue from services rendered within the District as required by the Long-Arm Statute.

Stone has not worked in Washington, D.C. since at least 1991. Corsi's argument that this Court has personal jurisdiction over Stone because he worked in the District over twenty-seven years ago is legally insufficient. Plaintiff provides no case law or statutes that support this claim that because someone once worked in the forum state/district, that the state/district can continue to have personal jurisdiction over them in perpetuity.  Stone works as a public affairs consultant, author, and commentator and his business is located in the state of Florida. Plaintiff also makes the assumption that because Stone worked as a lobbyist and is a "self-styled 'dirty trickster'" (*see* Opp. 4) that he must transact business in Washington, D.C. This is yet another bare allegation, not based on facts, which is conclusory at best. Not all current or former lobbyists transact business in Washington, D.C., and Plaintiff has failed to point to any business that Stone has done within D.C. within this millennium.

In regards to Corsi's claims that Stone is using "agents" or "surrogates" to defame him and this "agency" creates personal jurisdiction over Stone likewise has no merit. There are no allegations or supporting statements contained in either Corsi's Complaint or Opposition to support that Stone has actively engaged others to speak on his behalf; nor does Corsi point to a single instance of where one of these alleged "surrogates" acted on Stone's behalf. The allegations do not answer the basic question: Who were these surrogates? Where were they when the surrogates defamed, assaulted, or inflicted emotional distress on Corsi?

 Corsi claims that because a reporter who works for a publication located in Washington, D.C., has potentially had contact with Stone in the past, that this is enough to satisfy the requirements of the D.C. Long-Arm Statute. This is an insufficient connection for purposes of

personal jurisdiction and has no legal or factual merit. Mr. Stone has never been an employee of the Daily Caller nor has he ever been paid by the Daily Caller.[1]

Corsi points to the "Gag Order" issued by Judge Berman Jackson on Stone as a persuasive demonstration that Stone uses henchmen to do his bidding.  However, Judge Berman Jackson made no findings of fact that Stone uses surrogates to intimidate anyone, much less surrogates to intimidate Corsi; the Gag Order is unrelated to Corsi and was initially put in place by Judge Berman Jackson to ensure a fair trial for Stone. *See* Order, *United States v. Roger J. Stone,* No. 1:19-cr-00018-ABJ (D.D.C. Feb. 15, 2019) (Dkt. # 36). Furthermore, gag orders are typically written with broad language so as to prevent parties from circumventing such orders. This claim is clearly conclusory and, therefore, not enough to establish personal jurisdiction over Stone. *See First Chicago Intern v. United Exchange, Co., Ltd.*, 836 F.2d 1375, 1378-1379 (D.C. Cir. 1988) ("It is settled a plaintiff 'must allege specific acts connecting [the] defendant with the forum,' and that the 'bare allegation' of conspiracy or ***agency*** is insufficient to establish personal jurisdiction.") (internal citations omitted and emphasis added).

The claim that because Stone is involved in an on-going criminal case within the District gives rise to personal jurisdiction in Corsi's case is simply unsupported.  Jurisdiction is alleged to be proper in the District for the criminal case because the alleged illegal activity (lying to Congress) occurred while Stone was ***physically present in the District***. Motive is not contemplated by the D.C. Long Arm-Statute as a means of establishing personal jurisdiction. *See* D.C. Code § 13-423.

---

[1] Stone occasionally writes for the Daily Caller with the editorial title of Men's Fashion Editor. *See, e.g.*, Roger Stone, *Roger Stone's 13th Annual International Best and Worst Dressed List, https://dailycaller.com/2019/01/01/stone-best-worst-dressed/*.  However, as noted, this is done without pay and not as an employee.

In addition to incorrectly claiming that Stone satisfies the D.C. Long-Arm Statute because he transacts business in the District, Plaintiff Corsi also attempts to claim that his injuries are directly related to these alleged business activities. Corsi has made absolutely no connection between the alleged defamatory statements made by Stone to Stone's business, nor has he pleaded a connection between the business activities and his purported injuries. The supposedly defamatory statements were not alleged to have been made in Washington D.C., nor has Corsi stated that he was injured by those statements within the District: Corsi is a resident of the State of New Jersey and not of the District of Columbia.

**B. Due Process Requirements Have Not Been Satisfied.**

"To show that the exercise of jurisdiction would comply with the constitutional requirements of due process, a plaintiff must demonstrate that there are 'minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Cockrum v. Donald J. Trump for President, Inc.,* 319 F.Supp.3d 158, 173 (D.D.C. 2018) (quoting *Swecker v. Midland Power Coop.,* 253 F.Supp.3d 274, 278 (D.D.C. 2017)) (plaintiffs failed to properly allege the District Court of the District of Columbia has personal jurisdiction over Stone). An alleged "motive" (*i.e.*, Plaintiff's assertion that all torts allegedly committed by Stone are part of a bigger conspiracy to influence Mueller's investigation and prosecution) does not establish minimum contacts as required by due process. Such an argument is completely without legal merit.

As mentioned in the preceding section, Stone does not have continuous and systematic contacts with the forum; he ended his business in the forum over twenty-eight years ago and has lived and worked out of South Florida since the early 2000s. Stone does not have minimum contacts with the forum state that would not offend traditional notions of fair play and substantial

justice. *See Alkanai v. Aegis Defense Services, LLC*, 286 F.R.D. 67, 70 (D.D.C. 2012) (holding that Due Process requires that for a claim arising outside of the forum, the non-resident defendant must have had "continuous and systematic" contacts with the forum to be subjected to jurisdiction in the forum) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)). None of the alleged conduct occurred within D.C., the alleged injury was not felt in D.C., nor was the alleged conduct directed towards D.C.

Plaintiff Corsi incorrectly attempts to use the case law from *Keeton v. Hustler, Inc.,* 465 U.S. 770 (1984), to support his claim that this Court has personal jurisdiction over Stone. Stone is not a magazine publisher, nor any kind of publisher. Stone is not publishing material that is sold or distributed nationwide nor is he a corporation. He is an individual who works as a commentator. None of the purported defamatory statements were published in print; in fact, just because an individual may access a website here where an alleged defamatory was made does not equate to personal jurisdiction. *See GTE New Media Services, Inc., v. BellSouth Corp.,* 199 F.3d 1343, 1349 (D.C. Cir. 2000) ("[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District."). In *Kline v. Williams*, this Court found that, "[a]lthough the allegedly defamatory posts … were accessible to Internet users within the District there is nothing in her pleadings that indicates she 'suffered any injury in the District of Columbia that [she] could not have suffered in any state in the nation where someone may have read the messages and reacted negatively towards [her].'" 2006 WL 758459, at *3 (D.D.C. 2006) (quoting *Mallinckrodt Medical, Inc. v. Sonus Pharm., Inc.*, 989 F.Supp. 265, 273 (D.D.C. 1989) (finding no personal jurisdiction although a posting was accessible to a number of AOL subscribers in the District because the injury felt in the forum was indistinguishable from that felt

anywhere else subscribers lived). "In cases involving the postings of infringing material on an Internet website, courts have held that the tort occurs where the web site is created and/or maintained, usually where the server supporting the web site is located, not where the Internet website can be seen, because that would be literally anywhere the Internet can be accessed." *Id*. (quoting *Cable News Network v. GOSMS.COM, Inc.,* 2000 WL 1678039, at *3 (S.D.N.Y. 2000)).

### 1.  This Court Does Not Have General Jurisdiction over Stone.

Stone is domiciled in the state of Florida. For purposes of general jurisdiction, the Court must consider where the defendant is domiciled.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.") (quoting *Goodyear*, 564 U.S. at 924 (2011)). His principal place of business is also located in Florida. *See Xie v. Sklover & Company, LLC*, 260 F.Supp.3d 30, 39 (D.D.C. 2017) ("Under D.C. law, there is general jurisdiction over a defendant who is 'domiciled in, organized under the laws of, or maintaining his or its principal place of business in' the District.")   (quoting D.C. Code § 13-422). Stone has no current connection to his former lobbying firm and has not been associated with the firm since 1991. This Court does not have general personal jurisdiction over Stone, nor has Plaintiff Corsi made any statements regarding general personal jurisdiction other than conclusory statements and bare allegations. Simply because Stone was involved in Trump's presidential campaign does not mean he was engaging in business in Washington, D.C. In fact, as noted in previous sections, the headquarters for the Trump Campaign were located in New York City and domiciled in Virginia and not in Washington, D.C.  Corsi's jurisdiction allegations fall decidedly flat in light of this fact.

### 2.   This Court Does Not Have Specific Jurisdiction over Stone.

Critically, Plaintiff fails to analyze some of the most important cases involving specific jurisdiction. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation."[2] *Walden v. Fiore*, 51 U.S. at 284-285 (citations omitted) (internal quotation marks omitted). A court has specific jurisdiction only if (1) the defendant has "purposefully established minimum contacts" with the forum by "purposefully direct[ing]" his activities there and (2) the plaintiff's claims "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-474 (1985). Plaintiff must allege specific acts connecting a defendant to the forum. *See Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 525 (D.C. Cir. 2001). The allegation that Stone has "defamed, threatened, and discredited" Corsi (*see* Opp. 7), because Stone is allegedly trying to influence the Mueller investigation is insufficient[3]. Plaintiff cannot assert a claim for something that the defendant could not do. Corsi claims that all of these actions stem from Stone's attempts "to try to improperly influence and corrupt Mueller's investigation and now prosecution." Opp. 1. Corsi has failed to allege a single instance where Stone engaged in such behavior. There is absolutely nothing in the Complaint that supports this theory of Stone actively trying to use his access to partisan or fringe media outlets to undermine the Mueller investigation and prosecution.

## II.   The United States District Court for the District of Columbia Is An Improper Venue for This Lawsuit Pursuant to Federal Rule of Civil Procedure 12(b)(3).

---

[2] A "defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). "Due process requires that a defendant be hauled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id*. (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

The District of Columbia is not the proper venue for this case. Corsi claims that all of Stone's actions were aimed at influencing the Mueller investigation and, because that criminal prosecution is located within this District, venue is proper. This logic does not follow. No substantial part of the "events or omissions giving rise to the claim" occurred in Washington, D.C.; none of the alleged statements made by Stone were made in Washington, D.C., nor were they made to individuals within the District. *See* 28 U.S.C. § 1391(b)(2). Corsi does not allege that any witnesses reside or allegations actually occurred within this District. *See Kline v. Williams*, 2006 WL 758459, at *2 (D.D.C. 2006). ("[M]ere allegation that the conduct in question occurred via the Internet, without more, is insufficient to satisfy the jurisdictional limitations imposed by District law and the federal Constitution.").

Corsi incorrectly tries to establish that venue is proper "by virtue of [the allegedly defamatory statements] available on the internet [sic]. They were therefore widely projected into and thus available for viewing and consumption in his [sic] judicial district." (*See* Opp. 8). This has nothing to do with venue and relates to personal jurisdiction. In fact, this proposition has been contradicted by the United States District Court on numerous occasions as discussed in the proper section relating to the D.C. Long-Arm Statute above.

## III.    Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.   Failure to State a Claim as to Defamation, Defamation *Per Se*, and Defamation by Implication (Counts I, II, and III).[4]

---

[4] The Court should be made aware that a number of the links provided in Plaintiff's Complaint, for the videos of Stone's allegedly defamatory statements do not in fact work. As part of Counsel's ongoing duty of due diligence, Stone's counsel attempted to find these videos and statements and with the exception of one link, was unable to find the actual sources for the allegations made by Plaintiff.

Contrary to his claims, Corsi is a limited purpose figure. In fact, he is arguably a public figure given his notoriety and willingness to express his views regularly using a variety of media sources such as web interviews, television, interviews, books, news articles, etc. Corsi is most certainly a limited-public figure in this case. He went out of his way to publicly insert himself into this controversy by speaking to the media and make Stone a scapegoat as a means to defend himself. In this context, Corsi has made false statements against Stone.

Corsi's entire argument for personal jurisdiction stems from his claims that the alleged defamatory statements were done to improperly influence Mueller's investigation and prosecution, but Corsi himself notes how some of the comment made by Stone "are not germane in any way to the Russian collusion investigation and prosecution." (*See* Opp. 11).   He, thus, rebuts his own argument:   if these comments are directed at influencing the investigation in Washington, D.C., which is what Corsi is claiming, how can they influence the investigation or prosecution if they are irrelevant as Corsi admits?

Corsi repeats a number of the allegedly defamatory statements made by Stone in pages 12 to 13 of his Opposition.   Stone is entitled to make statements that he believes to be true.   Stone has had interactions with Corsi that has reasonably led him to believe in Corsi's overindulgence in consuming alcohol.   It appears that since Corsi was subject to the "psychological torment"[5] of the Special Counsel, his account now differs from that of Stone's regarding the events surrounding the Podesta dossier he produced for Stone, the Podesta emails, and WikiLeaks. Conflicting opinions do not equate to defamation.   Subject to the Gag Order in place, Stone is entitled to put his version of the story out, just like Corsi has done and to let people make a decision as to who's story they believe.   At the time these statements were made, Mueller's

---

[5] *Target in Mueller probe says he was "bullied" by the special counsel's team,* Fox News (March 24, 2019) https://video.foxnews.com/v/6017440895001/#sp=show-clips at 3:22.

investigation was on-going and Stone believed that, according to Corsi's own words, he was likely to be indicted for perjury. He has only ever expressed his version of events and given his opinion as to what he believes is true. This does not amount to a reckless disregard for the truth or any indication that Stone acted with malice when making these statements about Corsi. "[T]he plaintiff must demonstrate that the author 'in fact entertained serious doubts as to the truth of his publication,' or acted with a 'high degree of awareness of … probable falsity.'" *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 510 (1991) (citations omitted).  Corsi has not done this.

**B. Failure to State a Claim for Intentional Infliction of Emotional Distress (Count IV).**

Corsi alleges, "Defendant Stone knowingly and intentionally threatened Plaintiff Corsi, in a manner similar to other death threats he made to at least one material witness."  Complaint ¶ 50.  Corsi claims that Stone's statement, "I look forward to our confrontation. I will demolish you" is a threat sufficient to sustain a claim for intentional infliction of emotional distress. This is insufficient.  This is not a physical threat, nor is it a death threat.  Moreover, Corsi has failed to show how this statement is similar to one Stone allegedly made to a *different* person completely *unrelated* to this action. Ironically, although Corsi states that "courts have held that a single threat of physical harm or death can sustain a claim for intentional infliction of emotional distress," he proceeds to quote and cite to cases that say the exact opposite.  *See* Opp. 15.[6] "'[I]nsults, indignities, [and] threats,'" without more, do not constitute intentional infliction of

---

[6] *See Homan v. Goyal*, 711 A.2d 812 (D.C. 1998) (finding of intentional infliction of emotional distress because there were *repeated **death** threats* and physical confrontations between the parties) (emphasis added); *Household Credit Servs., Inc. v. Driscol* 989 S.W.2d 72, 82 (Tex. App. El Paso 1998) ("With the possible exceptions of the bomb and death threats, no single action of [party], *including name calling*, foul language, any single ill-timed phone call, multiple calls at home on any single day, repeated calls to [plaintiff's] place of employment after she asked them to stop, or *even the threat to make [plaintiff's] life miserable*, rises to the level of intentional infliction of emotional distress) (emphasis added).

emotional distress. *De Sousa v. Embassy of Republic of Angola*, 267 F.Supp.3d 136, 172 (D.D.C. 2017) (quoting *King v. Kidd*, 640 A.2d 656, 668 (D.C. 1993)). Moreover, "[t]hreats themselves do not constitute extreme and outrageous conduct," an element required for intentional infliction of emotional distress. *Id.* at 173. Corsi's allegations of intentional infliction of emotional distress have no merit and his allegations are bare and conclusory. It is sadly farcical at best to allege that the statements supposedly made by Stone were made as an attempt to give Corsi a heart attack or stroke as claimed in paragraph 10 of Plaintiff's Complaint. In addition to previously stated arguments, Corsi's claim of emotional distress against Stone also fails because he blames Robert Muller for his emotional distress due to the Special Counsel's "bullying" and "psychological torment."[7] [8] There is nothing pled in the Complaint or in the Opposition that would lend any support to such a claim.

### C.  Failure to State a Claim as to Assault (Count V).

Corsi fails to provide any factual support to his claim of assault against Stone. Corsi attempts to persuade this Court that because Stone allegedly made threats to another individual and the individual's *dog* without actually stating the threats. Corsi's claim is beyond conclusory, and the allegation is more than lacking in factual basis, not even allowing the Court to make a reasonable inference of liability. As mentioned in the Motion to Dismiss, Corsi's attempt to rely on Stone's alleged interest in Mafia culture and history and his history of working for President Nixon as factual support that Stone assaulted Corsi is patently ridiculous. Corsi also incorrectly

---

[7] *Target in Mueller prob says he was "bullied" by the special counsel's team,* Fox News (March 24, 2019) https://video.foxnews.com/v/6017440895001/#sp=show-clips

[8] It should also be noted that Corsi has written and published a book describing the 'emotional distress' that Mueller and his investigation caused Corsi. (Jerome R. Corsi, Silent No More: How I became a Political Prisoner of Mueller's "Witch Hunt," available at https://www.amazon.com/Silent-No-More-Political-Prisoner-ebook/dp/B07LB9HT2F/ref=sr_1_1?qid=1553701343&refinements=p_27%3AJerome+R.+Corsi+Ph.D.&s=books&sr=1-1&text=Jerome+R.+Corsi+Ph.D).

claims that Stone made a threat against Judge Berman-Jackson who is overseeing his criminal case. This is outright false, and Judge Berman-Jackson did not make any legal findings of fact relating to an alleged threat; furthermore, Stone vehemently denied making such a threat and remains free on a personal surety bond. Corsi yet again misunderstands Judge Berman-Jackson's Gag Order as related to Stone's purported use of surrogates. This allegation is conclusory, and Corsi fails to give any factual support that Stone has used a surrogate to assault Corsi.

Assault requires an individual to be placed in "apprehension of an immediate and harmful or offensive conduct." *See Restatement (Second) of Torts* §§ 21, 22 (1965). If Plaintiff is located in the State of New Jersey and Stone is located in the State of Florida, there can be no apprehension of anything *immediate*. Furthermore, Plaintiff has failed to provide any facts to support the notion that Stone threatened to do physical harm to him. *See Young v. District of Columbia*, 322 F.Supp.3d 26, 41 (D.D.C. 2018) (quoting *Evans-Reid v. District of Columbia*, 930 A.2d 930, 937 (D.C. 2007)) ("Under District of Columbia law, '[a]n assault is an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim''). This necessarily contemplates a close physical proximity between plaintiff and defendant, which is clearly not present here.

## CONCLUSION

The Court should dismiss the complaint for lack of personal jurisdiction and improper venue. Alternatively, it should dismiss the complaint for failure to state a claim.

Dated: March 27, 2019                                  Respectfully submitted,

                                                                          */s/ Robert Buschel*

14

L. Peter Farkas
(DDC Bar No. 52944)
Halloran Farkas + Kittila llp
1101 30th Street, NW
Suite 500
Washington, DC 20007
(202) 559-1700
pf@hfk.law

Robert C. Buschel
*admitted pro hac vice*
(FL Bar No. 0063436)
Buschel Gibbons , P.A.
One Financial Plaza – Suite 1300
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
(954) 530-5301
Buschel@BGlaw-pa.com

## CERTIFICATE OF SERVICE

I certify that on March 27, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

/s/ Robert Buschel
Robert C. Buschel
*Counsel for Roger Stone*