UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI,<br><br>        *Plaintiff*,<br><br>v.<br><br>ROGER J. STONE, JR.,<br><br>        *Defendant*. | Civil Action No. 19-324 (TJK) |

**MEMORANDUM OPINION**

This is a defamation action brought by one author, commentator, and political figure against another. Before the Court is Defendant Roger Stone's Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). For the reasons explained below, Stone's motion will be granted in part and the Court will dismiss this case for improper venue.

**I.    Background**

Plaintiff Jerome Corsi, a self-styled "author and political commentator," sued Roger Stone, an author and political operative recently convicted of various obstruction crimes, for defamation, intentional infliction of emotional distress, and assault. ECF No. 1 ("Compl.") at 1. Corsi's claims arise from Stone's allegedly false statements about him in several video interviews of Stone and an article posted on the website InfoWars in January 2019. *See id.* ¶¶ 16–29. Corsi alleges that in the videos and article, Stone falsely stated that Corsi was fired from a prior job, is an alcoholic, often lies, is willing to perjure himself, has "betrayed" Stone, and is a "deep state" operative and a "fraud" who seeks to make political conservatives look bad. *See id.* More specifically, Corsi alleges that in one of the videos, Stone—directing his comments

at Corsi—says, "I look forward to our confrontation. I will demolish you." *Id.* ¶ 28. Corsi alleges that Stone "intended to . . . cause [him] to have heart attacks and strokes." *Id.* ¶ 10. Stone does not contest that he made these statements.

According to Corsi, Stone made these allegedly false statements and threats not out of ordinary personal animus, but to influence the outcome of Stone's criminal trial. *See id.* ¶¶ 5–9, 11–12; ECF No. 12 at 1; *see also* ECF No. 1-1. When Corsi filed the complaint, Stone had been indicted for obstruction of Congress, lying to Congress, and witness tampering.[1] Corsi, a former associate of Stone, alleges that he was "Person 1" described in the indictment, and that he anticipated he might be called as a witness at Stone's trial. Compl. ¶¶ 5, 11, 13. Corsi alleges that Stone intended his defamation campaign to diminish Corsi's value as a potential witness by besmirching his credibility, deflecting blame for Stone's own acts onto him, and coercing him to testify falsely if called as a witness, and he also alleges that Stone intended to persuade potential donors to give to Stone's legal defense fund rather than his own. *Id.* ¶¶ 9, 11–12.[2]

## II.     Legal Standard

When venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of establishing that the district she has chosen is a proper venue. *Crowley v. Napolitano*, 925 F. Supp. 2d 89, 91 (D.D.C. 2013). The Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't*

---

[1] Stone has now been convicted of those crimes. *United States v. Stone*, 19-cr-18 (ABJ), 2020 WL 917295 (D.D.C. Feb. 20, 2020). Although Stone was indicted after he made the statements at issue, Corsi alleges that Stone, expecting that he would be prosecuted, was by then trying to interfere with the trial that would follow. *See* Compl. ¶¶ 7–9, 12.

[2] Corsi was not called as a witness at Stone's trial. *See United States v. Stone*, 19-cr-18 (ABJ) (D.D.C.) (docket).

*of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002).  The Court need not, however, "accept the plaintiff's legal conclusions as true," *id.* at 277, and may consider material outside the pleadings, *see Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).  "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

**III.   Analysis**

Under 28 U.S.C. § 1391(b), the general venue statute, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Stone challenges venue, arguing that a "substantial part" of the events giving rise to this action did not occur in this District because "[n]one of the alleged conduct occurred" here.  ECF No. 10 at 9.  He represents that the statements at issue were made from his home in Fort Lauderdale, Florida, to an interviewer working for InfoWars, a website headquartered in Austin, Texas.  *Id.* at 4.  Corsi does not contest these representations.  Stone is thus right that venue is improper here.

Corsi counters that venue is proper in this District because Stone's conduct was "targeted" at the District of Columbia, because his statements were allegedly intended to influence his criminal prosecution here.  ECF No. 12 at 8.  But Stone's motivation for saying and writing the things he did has nothing to do with *where that conduct occurred*, and Corsi cites no cases in which courts have adopted his novel theory.  Even if Stone intended to influence events

in the District of Columbia, the only events which give rise to Corsi's claims—whether packaged as defamation, intentional infliction of emotional distress, or assault claims—are Stone's alleged statements. And those statements occurred elsewhere. For that reason, venue is improper in this District under 28 U.S.C. § 1391(b)(2), the only potentially applicable provision of the venue statute.[3] *See Nigerians in Diaspora Org. Americas v. Ogbonnia*, 203 F. Supp. 3d 45, 47 (D.D.C. 2016).

True, some courts in other districts have held that, at least under certain circumstances, venue is proper in a jurisdiction where a plaintiff injured by defamatory content published over the internet suffered harm to his reputation. *See, e.g.*, *Seidel v. Kirby*, 296 F. Supp. 3d 745, 752–54 (D. Md. 2017) (finding that venue was proper under 28 U.S.C. § 1391(b)(2) when the plaintiff resided in a district and the allegedly defamatory material was accessible over the internet in that district); *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tx. 2015) (same). But Corsi does not argue that theory of venue, and the Court declines to adopt it.

Indeed, the Court is unaware of any case in which a court in this District has endorsed the theory of venue advanced in *Seidel*. To the contrary, the court in *Nigerians in Diaspora Organization Americas v. Ogbonnia* found that venue was improper when an organization in this District alleged that it had been defamed by content posted on the internet by individuals outside the District, although the plaintiff in that case did not explicitly allege that a substantial part of the events giving rise to its claims occurred here. 203 F. Supp. 3d at 46–47. And the purpose of the venue statute—protecting *defendants* from having to litigate in jurisdictions far from where they reside or where the underlying conduct occurred—does not support such an expansive

---

[3] Corsi alleges in his complaint that venue is also proper under 28 U.S.C. § 1391(b)(3). Compl. ¶ 2. But that section does not apply here because venue would be proper—at the very least—in the Southern District of Florida, where Stone resides. *See* 28 U.S.C. § 1391(b)(1).

reading. *See Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 496 F. Supp. 2d 137, 142 (D.D.C. 2007); *see id.* ("Because venue is intended to protect defendants, 'courts often focus on the relevant activities of the defendant . . . in determining where a substantial part of the underlying events occurred.'" (quoting *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 4 (D.D.C. 2003)).

Moreover, even if the Court were to adopt that venue theory, it would not apply here for several reasons. First, Corsi has not sufficiently pleaded or otherwise established that he suffered *any* harm to his reputation in this District. Courts here have found that a defamation plaintiff suffers injury where he lives and works. *See, e.g.*, *Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 139 (D.D.C. 2016); *Kline v. Williams*, No. Civ. A. 05-01102 (HHK), 2006 WL 758459, at *3 (D.D.C. March 23, 2006); *Blumenthal v. Drudge*, 992 F. Supp. 44, 46, 53 (D.D.C. 1998). But Corsi lives in New Jersey. *See* Compl. at 1. And he has not shown that he works in the District of Columbia. Although he does state in a declaration that he "was severely damaged [in this District], as [he] also do[es] substantial business in this district," he provides no facts to support that conclusory allegation. ECF No. 12-1 ¶ 14. Second, even if Corsi *had* adequately established that he suffered some *de minimis* reputational harm in this District, his theory would still fail. On this record—especially when Stone made none of the statements at issue in this District—it can hardly be said that "a substantial part of the events or omissions giving rise to the claim" happened here. 28 U.S.C. § 1391(b)(2).

For all the above reasons, venue is improper in this District.[4]

---

[4] The Court does not, and need not, decide whether it has personal jurisdiction over Stone. *See Pinson v. U.S. Dep't of Justice*, 74 F. Supp. 3d 283, 292 n.17 (D.D.C. 2014). Even so, it appears likely that it lacks personal jurisdiction over him. As explained below, Corsi has insufficiently alleged that he was injured in the District of Columbia, and the Court thus doubts that there is

When venue is improper, a district court must either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This decision is committed to the sound discretion of the court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interest of justice requires transfer rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

Venue in this case appears proper—at a minimum—in the Southern District of Florida, where Fort Lauderdale is located, because Stone resides there, and—at least arguably—because "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* 28 U.S.C. §§ 1391(b)(1),(2). But neither Corsi nor Stone has requested that the case be transferred there, or to any other jurisdiction. And it does not appear that Corsi's claims would be barred by Florida's statutes of limitations if he were to choose to refile the case there after dismissal. *See* Fla Stat. § 95.11(4)(g) (two-year statute of limitations for libel or slander); *id.* § 95.11(3)(o) (four-year statute of limitations for assault and other intentional torts). Therefore, the Court will exercise its discretion to dismiss the case, as opposed to transferring it.

**IV.   Conclusion**

For the all the above reasons, the Court will grant in part Defendant's Motion to Dismiss, ECF No. 10, and deny as moot Plaintiff's Motion to Strike, ECF No. 17, because the material

---

personal jurisdiction under the applicable section of the District of Columbia's long-arm statute, D.C. Code § 13-423(a)(4). Alternatively, Section 13-423(a)(1) does not provide personal jurisdiction, because none of Stone's statements "arise from" his alleged business activities in the District. *See* D.C. Code. § 13-423(b); *Forras v. Rauf*, 812 F.3d 1102, 1106 (D.C. Cir. 2016).

Plaintiff seeks to strike is irrelevant to the Court's resolution of Defendant's Motion to Dismiss.

A separate order will issue.

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: March 1, 2020